**UNITED STATES of America**

**v.**

**Bruce G. LIVINGSTON.**

**No. 89 CR 1006.**

United States District Court,
N.D. Illinois.

Aug. 20, 1991.

Fred Foreman, U.S. Atty. by Brenda Atkinson, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Paul Ben Axelrood, Law Offices of Ralph M. Schelly, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Defendant Bruce G. Livingston moves, pursuant to Fed.R.Crim.P. 35(a), for a correction of sentence. Essentially, he requests that the court modify the amount of restitution he has been directed to pay. The court denies defendant Livingston's motion for the following reasons.

Defendant Livingston was found guilty of sixty-five counts of engaging in a scheme to defraud using the mails and making false statements in applications for payments of funds. As part of his sentence, defendant Livingston was ordered to pay a $50,000 fine and $100,000 in restitution. He now contends that the $100,000 in restitution is excessive under *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The court finds differently.

In *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 1983, 109 L.Ed.2d 408 (1990), the Court found that "restitution

... is intended to compensate victims only for losses caused by the conduct underlying the offense of conviction." The recodified statutory provision governing restitution, 18 U.S.C. § 3663, defines a victim of an offense that involves as an element a scheme, a conspiracy, or a pattern of criminal activity any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern. 18 U.S.C. § 3663(a)(2).

In this case, defendant Livingston was convicted of Count I of the indictment which charged him with a scheme to defraud using the mails. Paragraphs in Count I delineated numerous entities and/or persons that bore the brunt of Livingston's fraudulent activities including Medicare, a number of private insurance companies, and a physician who bought a bogus weight loss business from Livingston. Under the terms of the statute, these persons or entities can be considered victims for the purposes of restitution.

The court finds that the victims delineated in Count I suffered at least $100,000 in losses. After reviewing the medical records provided by Livingston, Medicare's medical director in Illinois estimated that Medicare was defrauded of approximately $34,864 by Livingston. From the records Livingston provided with respect to privately insured patients, it was estimated that $51,784 was paid by private insurance companies in response to fraudulent claims. And, the indictment itself puts a figure of at least $65,000 on the loss suffered by the physician who bought the bogus weight loss clinic.

Therefore, the court finds that the $100,000 in restitution ordered in this case was correctly calculated in light of *Hughey* and 18 U.S.C. § 3663. Defendant's motion for correction of sentence is denied.

IT IS SO ORDERED.